[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT
The defendant filed a motion for contempt and attorney's fees dated May 1, 1990 in this court. After the certification into court of a certified copy of a judgment from the Circuit Court of Brevard County in the state of Florida, wherein the defendant claimed that the plaintiff Patricia Ann Thomas Griffith had failed to permit the visitation provided by said judgment and had failed to hold him harmless from the obligation to Barclay's Bank as set forth in the said judgment, requiring the plaintiff to expend the sum of $5,053.02 in payment of said debt. The matter was continued for two weeks. Counsel for the minor child was appointed by the court (Attorney Robert Clark). Both the plaintiff and the defendant appeared by counsel and the defendant filed a motion to modify the visitation. The motion to modify was referred to the Family Relations office, and motions for psychiatric examinations were granted for each party to be evaluated by Dr. Robert D. Meier by agreement of all counsel on October 15, 1990 (Axelrod, J.). Thereafter, the plaintiff moved the court to hold the defendant in contempt for failure to pay the child support and for a finding of arrearage in the alleged amount of $5,793.46. Thereafter, oral argument was held on December 3, 1990 relating to the defendant's motion to hold the plaintiff in contempt. The parties were permitted forty-five days to submit briefs and certified copies of Florida court proceedings in support of their respective claims relating to the contempt matters.
The defendant filed a brief on January 2, 1991. The plaintiff has not filed either a brief or copies of the Florida proceedings on the matter argued in December, 1990. Both parties testified at the hearing concerning the Barclay's Bank debt.
From the credible evidence adduced at the hearing, the Court finds that while the defendant may have been arrears in the past, he was not in arrears in his payments to the plaintiff on December 3, 1990.
The Court further finds that the plaintiff failed to hold the defendant harmless with regard to the Barclay's Bank debt, and, further, that the defendant has, as a result of such violation of the court order and threats made by the bank, been required to pay $5,053.02 to satisfy the Barclay's Bank debt.
The Court finds the plaintiff has had the capacity CT Page 3351 to earn funds with which to make such payments, although she has chosen not to do so. For that reason and because of a wilful failure to make the payments and hold the defendant harmless, she is found in contempt.
The Court therefore orders that the plaintiff pay to the defendant $25.00 per month until the total of said $5,053.02 is paid without prejudice to the defendant's request for subsequent modification if further evidence may be produced with regard to the ability of the plaintiff to pay.
The Court further orders that the plaintiff pay a reasonable attorney's fee to the defendant in the amount of $500.00 for said contempt within thirty days.
Leuba, J.